## RECORD NO. 12-4213

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## ISRAEL DELGADO LUIS,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA AT COLUMBIA

————————————

### BRIEF OF APPELLANT

————————————

**Cameron B. Littlejohn, Jr.**
**ATTORNEY AT LAW**
**1720 Main Street**
**Suite 202**
**Columbia, SC 29201**
**(803) 799-1888**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      I.     The defendant's guilty plea was valid under Rule 11 of the
           Federal Rules of Criminal Procedure . . . . . . . . . . . . . . . . . . . . . . . 6

      II.    The district court did not abuse its discretion in determining
           that   there was a sufficient factual basis for the defendant's
           guilty plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      I.     THE DEFENDANT'S GUILTY PLEA WAS VALID UNDER
           RULE 11 OF THE FEDERAL RULES OF CRIMINAL
           PROCEDURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           DISCUSSION OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

i

II.    THE COURT DID NOT ABUSE ITS DISCRETION IN
       ALLOWING THE GOVERNMENT TO SUPPLEMENT THE
       FACTUAL BASIS FOR THE DEFENDANTS GUILTY PLEA
       AND IN ANY EVENT, THE DEFENDANT DID NOT
       OBJECT TO SUPPLEMENTING THE RECORD . . . . . . . . . . . . 11

       STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       DISCUSSION OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

ii

# TABLE OF AUTHORITIES

**PAGE(S)**

**<u>CASES</u>:**

<u>Anders v. California</u>,
    386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

<u>United States v. DeFusco</u>,
    949 F.2d 114 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>United States v. Good</u>,
    25 F.3d 218 (4th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>United States v. Ketchum</u>,
    550 F.3d 363 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

<u>United States v. Martinez</u>,
    277 F.3d 5177 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

<u>United States v. Mastrapa</u>,
    509 F.3d 652 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

<u>United States v. Olano</u>,
    597 U.S. 725 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**<u>STATUTES</u>:**

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3553(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3742(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

21 U.S.C. § 841(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES:**

Fed. R. Crim. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Crim. P. 11(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Crim. P. 11(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Crim. P. 11(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The defendant, Israel Delgado Luis, was prosecuted for conspiracy to possess with intent to distribute and distribution of one kilogram or more of heroin and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846.

The defendant entered a guilty plea to count one of the indictment on July 21, 2008, pursuant to a written plea agreement.

The defendant's appeal is from the final order of the district court entered August 18, 2009. In that judgment order, the defendant was sentenced to the custody of the Bureau of prisons for a term of 120 months to be followed by a term of supervised release of five years.

Jurisdiction in the Court of Appeals is based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2).

## ISSUES PRESENTED FOR REVIEW

I.     WHETHER THE DEFENDANT'S GUILTY PLEA WAS
       PROPERLY ENTERED UNDER RULE 11 OF THE FEDERAL
       RULES OF CRIMINAL PROCEDURE.

II.    WHETHER THE GOVERNMENT SHOULD HAVE BEEN
       ALLOWED TO SUPPLEMENT THE FACTUAL RECORD AT
       SENTENCING, TO REFLECT THAT THE CONSPIRACY AS TO
       THIS DEFENDANT INVOLVED AT LEAST ONE KILOGRAM OF
       HEROIN.

## STATEMENT OF THE CASE

This is an appeal from the sentence of one-hundred twenty (120) months imposed upon the defendant by the district court after the defendant's guilty plea to conspiracy to posses with intent to distribute and to distribute one kilogram or more of heroin and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. The two issues raised in this appeal concerned the propriety of the defendant's guilty plea under Rule 11 of the Federal Rules of Criminal Procedure and the propriety of the government supplementing the factual basis at the time of sentencing to conform to the elements of the conspiracy charged in count one of the indictment.

The defendant pled guilty on July 21, 2008. He received a sentence of one-hundred twenty (120) months, followed by five years of supervised release. Judgment was entered on August 18, 2009, and the defendant filed a notice of appeal on August 27, 2009.

## STATEMENT OF THE FACTS

In late 2005, special agents with the Drug Enforcement Administration identified a black tar heroin ring operating in the areas of Columbia, Greenville, Charleston and Myrtle Beach, South Carolina. Evidence was collected through surveillance, wire taps, controlled drug purchases of heroin as well as information provided by government witnesses. **(Presentence Report at 7).** Agents determined that in the Columbia cell, black tar heroin was distributed to customers in small balloons by couriers who were sent to the customers by dispatchers who took most orders by phone. **(Presentence Report at 8 -9).** The defendant, Israel Delgado Luis, was identified as a courier. During the course of the wire tap agents intercepted a number of telephone calls between the defendant and other members of the conspiracy. These telephone calls related to the amounts of heroin which were being distributed to customers by the defendant and money collections. **(Presentence Report at 9 -10).**

The evidence in the case determined that the defendant distributed black tar heroin from at least June 15, 2006, until his arrest on August 15, 2006, a total of 62 days. By calculating an average weight of each balloon distributed by the conspiracy during this time it was determined that the defendant had personally distributed approximately 706.18 grams of heroin. **(Presentence Report at 11).**

4

After a question arose as to the threshold amount of drugs required by the allegations of count 1, the government was allowed, without objection, to supplement the record by proffer at the time of sentencing on August 12, 2009.

The government provided information to the court which would indicate that the conspiracy was responsible for well over a kilogram of distributed heroin during the time that the defendant was a member. **(Sentencing Tr. 10-13).** The defendant did not contest the factual summary by the government at the time of sentencing. **(Sentencing Tr. 14-15).**

At the conclusion of the sentencing hearing, the court imposed the minimum mandatory sentence faced by the defendant of one-hundred twenty (120) months, to be followed by a period of supervised release for a term of five years. **(Sentencing Tr. at 20).**

# SUMMARY OF THE ARGUMENTS

**I.**    **The defendant's guilty plea was valid under Rule 11 of the Federal Rules of Criminal Procedure.**

During the course of the guilty plea hearing, the district court explained to the defendant his constitutional rights and made sure that the defendant understood and waived his rights. The district court also explained the elements of the defendant's charge and the range of possible penalties. The record indicates that the guilty plea procedure was valid and complete.  Undersigned counsel submits this issue under Anders v. California, 386 U.S. 738 (1967).

**II.**    **The district court did not abuse its discretion in determining that there was a sufficient factual basis for the defendant's guilty plea.**

The district court at the sentencing, allowed the government to supplement the factual record in so far as the weight of heroin involved in the conspiracy to which the defendant had pled. This was done with out objection by the defendant. The court found, accordingly, that the factual basis for the plea was sufficient and accepted the factual basis for the plea. Counsel also submits this issue under Anders v. California, 386 U.S. 738 (1967).

6

## ARGUMENT

## I.   THE DEFENDANT'S GUILTY PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

### STANDARD OF REVIEW:

Whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure is reviewed by the appellate court under a *de novo* standard. United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994). A variance from the requirement of Rule 11 is harmless error unless it affects the defendant's substantial rights. Rule 11, Fed. R. Crim. P. (h). Where the defendant did not move to withdraw the guilty plea, the appeal is reviewed under the plain error standard and he must show that:(1) there was error; (2) that the error was plain; and (3) that it affected his substantial rights. United States v. Martinez, 277 F.3d 517, 524-527 (4th Cir. 2002) ; United States v. Olano, 597 U.S. 725, 732 (1993). The defendant's appeal should be reviewed for plain error.

### DISCUSSION OF THE ISSUE:

Rule 11 of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty, the court must place a defendant under oath, and must address the defendant personally in open court. During this address, the court must

inform the defendant of, and determine that the defendant understands, the

following:

A.  the government's rights, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

B.  the right to plead not guilty, or having already pled, to persist in that plea;

C.  The right to a jury trial;

D.  the right to be represented by counsel and, if necessary, have court appoint counsel at trial and at every other stage of the proceeding;

E.  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self- incrimination, to testify and present evidence, and to compel the attendance of witnesses;

F.  the defendant's waiver of these trial rights if the court accepts a plea of guilty;

G.  the nature of each charge to which the defendant is pleading;

H.  any maximum possible penalty, including imprisonment, fine, and terms of supervised release;

I.  any mandatory minimum penalty;

J.  any applicable forfeiture;

K.  the court's authority to order restitution;

L.    the court's obligation to impose a special assessment;

M.    in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

N.    the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence.

Rules 11 (b)(2) and (3) require the court to determine that the plea is voluntary and not the result of force, threats, or promises other than those in a plea agreement, and that there is a factual basis for the plea. Rule 11(c)(2) requires that the terms of any plea agreement are disclosed on the record.

After the defendant was sworn in at his change of plea hearing, the district court advised him that any false statement made by him in the course of the hearing could result in a charge of perjury. **(Guilty Plea Tr.  at 10).**  The district court established that the defendant had never been treated for mental illness and was not under the influence of drugs or alcohol, and accordingly found him competent to enter a plea. **(Guilty Plea Tr.  at 11-12).** The district court advised the defendant he had the right to plead not guilty and to have a jury trial with a number of procedural rights. **(Guilty Plea Tr. at 15).**  The court advised the defendant that he would have the right to assistance of counsel for his defense, that witnesses for the government would have to come to court and testify in his

9

presence, his attorney would have the right to cross examine the witnesses and he would have the right to compel the attendance of witnesses to testify in his defense. **(Guilty Plea Tr. at 16).** Court further advised that by pleading guilty the defendant would be giving up these rights and the district court confirmed that the defendant understood this. **(Guilty Plea Tr. at 17).**

The district court explained the element of the crime of conspiracy to the defendant and the particular charges against him as contained in count one. **(Guilty plea Tr. at 19-20).** The district court specifically outlined the elements of conspiracy and the quantity requirements required by law. **(Guilty Plea Tr. at 20-21).**

The district court made a record of the potential penalties involved in the defendants guilty plea. **(Guilty Plea Tr. at 26).** The court went further and explained to the defendant how the United States Sentencing guidelines would factor into the court determination of the proper sentence. **(Guilty Plea Tr. at 27-28).** The court also made a record of the requirements concerning the special assessments. **(Guilty Plea Tr. at 26).** Additionally, the district court explained to the defendant the requirements of a term of supervised release **(Guilty Plea Tr. at 30).**

The district court established that there was no attempt to force the defendant to plead guilty and found that his plea was being given freely and voluntarily. **(Guilty Plea Tr. at 31).** The court went over the terms of the plea agreement with the defendant and explained to the defendant concerning the waiver of appeal contained in paragraph 15 of the plea agreement. **(Guilty Plea Tr. at 36).** The defendant agreed upon the record that the plea agreement is summarized was correct and what the defendant had agreed to. **(Guilty Plea Tr. at 36).**

The record in the case shows that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting the defendant's guilty plea. The elements of Rule 11 were satisfied and it appears the defendant's guilty plea was proper.

## II. THE COURT DID NOT ABUSE ITS DISCRETION IN ALLOWING THE GOVERNMENT TO SUPPLEMENT THE FACTUAL BASIS FOR THE DEFENDANTS GUILTY PLEA AND IN ANY EVENT, THE DEFENDANT DID NOT OBJECT TO SUPPLEMENTING THE RECORD.

### STANDARD OF REVIEW:

The standard of review for determining if an adequate factual basis was established for a guilty plea is that of abuse of discretion. The court should not find an abuse of discretion so long as the district court could reasonably had

determined there was a sufficient factual basis in the record before it. <u>United States v. Mastrapa</u>, 509 F.3d 652, 660 (4th Cir. 2007); <u>United States v. Ketchum</u>, 550 F.3d 363, 367 (4th Cir. 2008).

**<u>DISCUSSION OF THE ISSUE</u>:**

The defendant pled guilty to conspiracy to possess with intent to distribute and distribution of more than one kilogram of heroin and quantity of cocaine. During the guilty plea the government presented factual information indicating that the defendant was personally responsible for 862.4 grams of heroin and 107.8 grams of cocaine. **(Guilty Plea Tr. at 45-46).** The court had earlier during the proceeding discussed with the defendant the stipulation in the plea agreement that provided for him to be responsible for 700 grams or more but less than one kilogram of heroin and 100 grams or more but less than 200 grams of cocaine. As stated by the government this was done for purposes of calculating the advisory sentencing guidelines. **(Guilty Plea Tr. at 35).**

[Counsel of record was not appointed counsel at the guilty plea. It is surmised that these stipulated amounts were calculated in case the defendant received a less than minimum mandatory sentence pursuant to 18 U.S.C. § 3553(e).]

12

At the sentencing hearing the issue arose as to whether there was a sufficient record to qualify a guilty plea to possession with intent to distribute or distribution of more than one kilogram of heroin. During the lengthy discussion of this issue with a co-defendant's counsel, the district court finally concluded that it would be proper and with in his discretion to allow the government to cure any discrepancy by supplementing the record. **(Sentencing Tr. at 2-10).** The government was allowed to provide additional information which indicated that it was reasonably foreseeable to the defendants being sentenced, including the defendant, that there was much more than one kilogram of heroin involved in the conspiracy charged in count one.

It is well established that a district court may examine and consider anything that appears on the record in order to formulate a factual basis for a guilty plea.

> Rather, the district court " may conclude that a factual basis exists from anything that appears on the record," . . . and "it may defer its inquiry until sentencing," United States v. Martinez, 277 F.3d. 517, 531 (4th Cir. 2002); United States v. Ketchum, 550 F.3d 363, 366-367 (4th Cir. 2008).

This court in United States vs. Mastrapa, determined that the district court may conclude that a factual basis exists from anything that appears on the record. United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007), citing United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

13

It is apparent from the information supplied by the government, and accepted by the court, during the sentencing hearing that there was a sufficient factual basis to find that the defendant was involved in a conspiracy involving more than one kilogram of heroin. In any event, the defendant was given the opportunity by the district court to object to this supplemental information, and he chose not to do so. **(Sentencing Tr. at 16-17).**

14

## <u>CONCLUSION</u>

In accordance with the requirements of the decision of the United States Supreme Court in <u>Anders v. California</u>, 386 U.S. 738 (1967), appointed counsel for the defendant has reviewed both the facts and legal issues of this case. It is counsel's opinion that there are no legal issues that were not properly raised by disposed of by the trial court and that there are no grounds for an appeal in this case to the Court of Appeals. A copy of this brief has been served on the defendant by United States Mail, who has been advised of his right to make a *pro se* submission to the Court of Appeals.

Respectfully submitted,

/s/Cameron B Littlejohn Jr
Cameron B. Littlejohn Jr.
1720 Main Street, Suite 202
Columbia, South Carolina 29201
Telephone: (803) 799-1888
**ATTORNEY FOR APPELLANT**
**APPEAL NUMBER: 12– 4213**

June 27, 2012

15

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

> this brief contains <u>2,603</u> words, excluding the parts of the brief
> exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> this brief has been prepared in a proportionally spaced typeface using
> <u>Microsoft WordPerfect</u> in <u>14 point Times New Roman</u>.


<u>/s/ Cameron B. Littlejohn, Jr.</u>
Counsel for Appellant


Dated:  June 27, 2012

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on June 27, 2012, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Jane B. Taylor
OFFICE OF THE U.S. ATTORNEY
1441 Main Street
Suite 500
Columbia, SC 29201

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his

last known address of:

Israel Delgado Luis Reg. # 14409-17
Correctional Institution Mcrae
P.O. Drawer 30
Mcrae, GA 31055

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219